UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| v. § | **Case No.: 4:25-mj-208** |
| § | |
| **CELIA IGNACIA ESQUIVEL,** § | |
| § | |
| **Defendant.** § | |

**THE UNITED STATES OF AMERICA'S EMERGENCY
MOTION TO STAY AND TO REVOKE THE ORDER OF RELEASE**

COMES NOW the United States of America through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Carrie Wirsing, Assistant United States Attorney, and hereby moves pursuant to 18 U.S.C. § 3145(a)(1)[1] to stay and revoke the pending Order of release on conditions in this matter, and in support thereof, submits the following:

**I.      BACKGROUND**

Defendant Celia Ignacia Esquivel is charged by Complaint of Illegal Reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). (Doc. 1, filed on April 4, 2025.)  A preliminary and detention hearing was held on April 14, 2025, after which the Honorable Magistrate Judge Dena Hanovice Palermo found that probable cause exists.[2]  Moreover, Judge Palermo made a finding that Defendant did not present a risk of flight, and set various conditions of release including requirements that Defendant post a $50,000 unsecured bond and surrender her

---

[1] This Court has jurisdiction to grant the relief sought pursuant to 18 U.S.C. § 2145(a)(1).  *See United States v. Andolina*, No. 3:17-cr-9, 2017 WL 758471 (N.D. Fla. Feb. 25, 2017).

[2] Due to the emergency nature of this filing, the United States was unable to obtain a transcript of the proceeding before the Honorable Dena H. Palermo, Magistrate Judge in the Southern District of Texas, Houston Division, prior to filing.  The information regarding that hearing contained in this motion is based on the recollection of the undersigned Assistant United States Attorney, who was present at that proceeding.

Mexican passport to Pretrial Services. Defendant is set to be processed for release from the U.S. Marshals Service on April 16, 2025.

At the detention hearing, the government proffered the following information:

Defendant Celia Ignacia Esquivel is a citizen and national of Mexico and not a citizen or national of the United States. She had previously been deported or removed from the United States on or about May 11, 2012, following a conviction for a felony criminal offense. Specifically, on October 28, 2011, Defendant was convicted in the 230th District Court, in Harris County, Texas, for the offense of making a false statement to obtain credit for which she was sentenced to three years confinement.

After deportation, Defendant was subsequently found in the United States on April 2, 2025, during the execution of a search warrant at a sports bar as part of a targeted immigration enforcement operation in Harris County, Texas, within the Houston Division of the Southern District of Texas. Defendant advised immigration officers that she had entered the United States on an unknown date at an unknown location without proper immigration inspection.

At the detention hearing, it was acknowledged that Defendant has an active Immigration and Customs Enforcement ("ICE") detainer lodged against her, and that she would be turned over to immigration authorities upon her release on bond in the present case.

## II. THE RELEASE ORDER SHOULD BE STAYED

The April 14 release order should be stayed to allow this Court sufficient time to determine Defendant's risk of flight.

### A. Legal Standard

"If a person is ordered released by the magistrate judge ... the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of

the order or amendment of the conditions of release." 18 U.S.C.§ 3145(a)(l). Here, the Complaint was filed in the United States District Court, Southern District of Texas, Houston Division, thus conferring upon this Court original jurisdiction.

Although 18 U.S.C.§ 3145 does not explicitly authorize courts to stay a release order under review, the Fifth Circuit has held that courts have implicit authority to stay release orders. *See United States v. Brigham,* 569 F.3d 220, 230 (5th Cir. 2009) (listing courts that have issued stays in similar proceedings and noting that "given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory.").

### B. The release order should be stayed to allow this Court an opportunity to make a flight risk determination.

The magistrate court granted the government's request to stay the release order for 48 hours. The United States now moves this Court to issue a further temporary stay of the release order to allow this Court time to consider the evidence, allow further briefing, and make its own determination regarding detention or release.

Defendant is a flight risk and, if the release order is not further stayed, there is a significant chance she will flee or be deported before this Court is able to consider the evidence and make a decision on the government's motion to revoke. *See Brigham,* 569 F.3d at 230 ("[I]f the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered.").

### III. THE RELEASE ORDER SHOULD BE REVOKED

The United States has a substantial interest in ensuring those accused of crimes are

3

available for trials and, ultimately, to serve any sentence imposed. Confinement pending trial is a legitimate means of furthering that interest, *Bell v. Wolfish,* 441 U.S. 520, 534 (1979), and Defendant in this case should be detained.

  A. *Legal Standard*

If a defendant is ordered released by a magistrate judge following a detention hearing, the United States may file with the District Court a motion for revocation of the order. 18 U.S.C. § 3145(a).

A defendant should be detained when he is a risk for nonappearance at trial and no conditions can reasonably assure his appearance. 18 U.S.C. § 3142(e), (f)(2)(A). The United States needs to establish risk of nonappearance only by a preponderance of the evidence. *United States v. Santos-Flores,* 794 F.3d 1088, 1090 (9th Cir. 2015). In making a detention determination, the Court must consider (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Winsor,* 785 F.2d 755; 757 (9th Cir. 1986). Although immigration status is not a dispositive factor, alienage may be taken into account. *Santos-Flores,* 794 F.3d at 1090.

A magistrate judge's release order is reviewed *de novo. United States v. Koenig,.* 912 F.2d 1190, 1191-93 (9th Cir. 1990). The Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district

judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate." *Id.* at 1193.

    B.   *The Court should revoke the order releasing Defendant from custody.*

There are no conditions of release that will reasonably assure Defendant's appearance in court proceedings for this matter as required, and the April 14 release order should be revoked. 18 U.S.C. § 3142(e).

In *Santos-Flores,* the Ninth Circuit affirmed the pretrial detention order of an illegal reentry defendant who was a flight risk due, in part, to the defendant's multiple unlawful entries into the United States, the severity of the potential punishment, and the weight of the evidence against him. 794 F.3d at 1092. It held that the district court properly detained the defendant despite his long-term employment, fifteen years of residence in the same community, and U.S. citizen wife and children. *Id.* at 1093. Here, as in *Santos-Flores,* an individualized consideration of the relevant factors establishes that this Defendant is a voluntary flight risk notwithstanding her ties to Texas. She has a prior removal, a prior felony conviction for a crime of dishonesty in which she misrepresented her identity, and has shown a willingness to violate court orders and engage in deceptive conduct through her continued, unlawful presence in the United States.

Perhaps most importantly, Defendant's release in the present matter will almost certainly mean a transfer to ICE custody and another removal from the United States. Defendant would have no incentive to seek parole back into the United States, as her return for trial would expose her to a felony conviction, a potentially serious sentence, and another deportation back to Mexico - the exact scenario she has thus far avoided.

### IV. CONCLUSION

For the foregoing reasons, the United States moves this Honorable Court to issue a

temporary stay of the April 14 release order and further seeks to revoke the release order and detain Defendant Celia Ignacia Esquivel pending trial.

Date:   April 15, 2025

                                                  Respectfully submitted,

                                                  NICHOLAS J. GANJEI
                                                  United States Attorney

By:    */s/ Carrie Wirsing*
        Carrie Wirsing
        Assistant United States Attorney

### CERTIFICATE OF SERVICE

The undersigned certifies that on April 15, 2025, a true and correct copy of the foregoing Motion was served on the attorney for the Defendant.

                                                  */s/ Carrie Wirsing*
                                                  Carrie Wirsing
                                                  Assistant United States Attorney

### CERTIFICATE OF CONFERENCE

During Defendant's hearing on April 14, 2025, counsel for Defendant, Devon Prater, AFPD, indicated that she opposed this motion.

                                                  */s/ Carrie Wirsing*
                                                  Carrie Wirsing
                                                  Assistant United States Attorney