UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States of America

v.                                          Case No. 4:25-mj-00208

Celia Ignacia Esquivel

---

### Defendant's Response To Government's Motion To Stay and Revoke Order to Release and Request for Reconsideration of The Court's Order

Celia Ignacia Esquivel ("Ms. Esquivel"), through counsel, respectfully opposes the Government's motion to stay the Magistrate judge's pretrial release order. *See* ECF No. 7. Although a Court order has already issued,[1] ECF No. 8, Ms. Esquivel requests that the Court reconsider its order and deny the Government's request.

Under 18 U.S.C. § 3145(a), the Government is entitled to seek review of the magistrate judge's release order with the District Court. Furthermore, under *United States v. Brigham*, the Government is entitled to seek a stay of the release order pending review. 569 F.3d 220, 230 (5th Cir. 2009) (holding that although "§ 3145 does not expressly authorize a stay[,] . . . the absence of stay authority could render

---

[1] Undersigned counsel objected to the stay on the record at the April 14, 2025 hearing. The Government filed a written motion at 6:35pm on April 15, 2025. The Court issued an order granting the motion on April 16, 2025 at 9:32am. The Defense never had an opportunity to meaningfully respond.

1

the district court's review power illusory."). Although *Brigham* affirms the availability of a motion to stay, it does not provide the legal standard that governs a motion to stay under § 3145. However, guidance on the proper framework can be found in the broader precedent concerning stays. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Rather, a stay "is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (cleaned up). "Discretionary decision-making does not mean standardless decision-making." *United States v. Flores-González*, 86 F.4th 399, 430 (1st Cir. 2023) (citation omitted). In other words, "discretion is not code for anything goes." *Id.* Thus, while the court has discretion to issue a stay, that discretion must be exercised within the bounds of legal standards and reasoned judgement.

The Government's motion to stay the release order should be evaluated against "the four traditional stay factors." *See United States v. Fluitt*, 2022 U.S. App. LEXIS 21631, at *1 (5th Cir. Aug. 4, 2022) (unpublished) (applying the factors to assess a defendant's motion to stay an order on a motion to compel). Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at *4.

According to the Fifth Circuit, "[t]he first two factors are the most critical." *Id.* (quoting *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020) (per curiam)).

Several courts have concluded that the traditional stay factors govern a motion to stay under § 3145. *United States v. Pavon-Andino*, 2025 U.S. Dist. LEXIS 23703, *11 (D. Colo. Feb. 10, 2025); *United States v. Vasquez-Robles*, 2025 U.S. Dist. LEXIS 66371, *19 (E.D. Va. Apr. 7, 2025); *United States v. Xiaorong You*, 2020 U.S. Dist. LEXIS 69907, *6 (E.D. Tenn. Apr. 21, 2020).  This Court should follow suit.

I.     **The government has not made a strong showing that it is likely to succeed on the merits.**

The government fails to address any of the *Nken v. Holder* factors, and what the government does proffer shows that a stay is not appropriate. First, the government has not made a strong showing that it is likely to succeed on the merits. As the Supreme Court has emphasized, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, the Bail Reform Act, or "BRA," specifically, 18 U.S.C. §§ 3142(a) and (b), requires that a person charged with an offense be released on personal recognizance or upon execution of an unsecured bond unless further conditions are necessary to reasonably assure attendance at trial and the safety of the community. The Act permits pretrial detention only if no condition or combination of conditions exists that would provide that reasonable

assurance. 18 U.S.C. § 3142(e). The sole exception to the presumption in favor of release is the list of so-called "presumption" offenses, where the burden is on the defense to rebut the need for detention. **Here, there is no presumption in favor of detention.**[2]

The Court may not detain an individual unless the government proves, by clear and convincing evidence, that no combination of conditions can assure the safety of the community, or proves, by a preponderance of the evidence, that no combination of conditions will reasonably assure the defendant's presence at future proceedings. 18 U.S.C. §3142(f); *United States v. Stewart*, 19 F. App'x 46, 48–49 (4th Cir. 2001); *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988).

In deciding that release subject to conditions was appropriate given this law, this Court carefully considered the evidence before it, which included the Pretrial Services Report, the Addendum to that Report, the proffered testimony of the lead case agent, and the proffered testimony of Ms. Esquivel's daughter.

---

[2] As the Tenth Circuit has observed, "although Congress established a rebuttable presumption that certain defendants should be detained, **it did not include removable aliens on that list**." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017) (emphasis added). Thus, Congress knew how to identify cases in which grounds for detention are intrinsic to the alleged offense. We also know that Congress explicitly contemplated the BRA applying to non-citizen, non-LPRs who may be subject to detention by ICE (formerly INS). *See* § 3142(d). So merely pointing to the defendant's status as a non-citizen, to her alleged removability, or to her generic ties to a foreign country cannot be enough for the government to meet its burden of proving that no condition will "reasonably assure the appearance of the person as required." § 3142(e)(1).

The Government claims that Judge Palermo's release order should be stayed and vacated because Ms. Esquivel "is a risk of flight." ECF No. 32 at 1. But it is blackletter law that a "risk of flight" is not a sufficient basis to detain a person pretrial. As courts have acknowledged, "*every* case involves some degree of flight risk, and that the Bail Reform Act nevertheless favors release." *United States v. Runsdorf*, 2022 U.S. Dist. LEXIS 20158, at *9 (S.D. Fla. Jan. 24, 2022) (quoting *United States v. White*, 2021 U.S. Dist. LEXIS 100544, at *34 (M.D. Tenn. May 27, 2021*)*) (emphasis in original)).   For this reason, the Bail Reform Act does not authorize a detention *hearing*—much less pretrial *detention*—solely on the ground that a person poses a risk of flight.

To justify a detention hearing on this basis, the Government must demonstrate a *serious* risk of flight—*i.e.*, one that poses a "great risk - beyond average - that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1138 (D. Idaho 2023). In other words, the risk must be "substantial, rather than speculative or theoretical." *United States v. Juarez-Morente*, 2025 U.S. Dist. LEXIS 58695, at *9 (W.D. Ky. Mar. 28, 2025).

In any case, Judge Palermo's release order addressed any potential risk of flight and nonappearance. The order required Ms. Esquivel to surrender her passport, commit to a $50,000 appearance bond, and subject himself to pretrial supervision

including location monitoring. These conditions were imposed after considering Mr. Esquivel's lack of missed court appearances and longstanding ties to the community, including four U.S. citizen daughters and a grandchild. Judge Palermo concluded—correctly—that any risk of non-appearance was sufficiently mitigated by conditions of release.

Judge Palermo's order was well-founded in light of the law governing pretrial detention. The Fifth Circuit has long held that "[t]here can be no doubt that [the Bail Reform Act] clearly favors nondetention." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992); *see also United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) ("Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant."); *United States v. Singleton*, 337 U.S. App. D.C. 96, 182 F.3d 7, 9 (1999) ("Detention until trial is relatively difficult to impose."); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) ("[T]he standard is reasonably assure appearance, not 'guarantee' appearance, and . . . detention can be ordered on this ground only if 'no condition or combination of conditions will reasonably assure the appearance.'").

Here, the Government's chances of success on the merits are negligible. And that is not enough to prevail under the first stay factor. *Nken*, 556 U.S. at 434 ("It is not enough that the chance of success on the merits be 'better than negligible.'") (citation omitted). "More than a mere 'possibility' of relief is required." *Id*. The

Government has failed to carry its burden its likelihood of success on the merits, and its motion to stay should be denied on this basis alone. *See Nken*, 556 U.S. at 434 ("The first two factors of the traditional standard are the most critical.").

## II.    The Government has failed to carry its burden that it will be irreparably injured absent a stay.

The government suggests that if the stay is not granted while the appeal is litigated, Ms. Esquivel will likely be deported by ICE before the government's appeal can be resolved. But the government has not established that Ms. Esquivel's deportation could thwart its appeal, or that a stay is the only way to avoid that potential "harm" to its interests. And even if the government could establish this, that would not provide grounds to grant the stay (or strengthen the government's arguments for detention in its appeal).

First, the government has not even established that ICE will necessarily take Ms. Esquivel into custody when this Court's order takes effect. Undersigned counsel does not doubt that there was a detainer lodged against Ms. Esquivel at the time of the detention hearing, as the government represented. But ICE does not always act on detainers when federal courts release illegal reentry defendants pursuant to the BRA. For example, in *United States v. Cesar Eduardo Sanchez Rodriguez*, 4:23-cr-233, ICE withdrew the detainer that had been lodged against a § 1326 defendant after Judge Bryan ordered his release on conditions pursuant to the BRA; thus, the defendant was released

7

to the public.  The record in that case shows that he continued to appear in court, including to plead guilty and be sentenced.

Thus, not only is the government speculating about the consequences of this Court's Order going into effect, but a stay of that Order is also not the only means of ensuring that Ms. Esquivel is available for the appeal of the detention order, or trial in this case – it is well within the power of the Executive Branch of the United States to avoid the potential "harm" the government cites.  Finally, the realistic possibility that ICE would withdraw its detainer also shows why granting the government's request could irreparably harm Ms. Esquivel's interests by keeping her detained longer than the BRA authorizes, rather than at liberty.

Finally, the government has not established that the prospect that Ms. Esquivel might be deported if this Court's release order takes affect is an appropriate consideration for either this Court as it considers staying the case or reconsidering the release order. The government's argument is essentially that ICE may make Ms. Esquivel unavailable to appear before the appeal can be decided, or before the government can conclude its prosecution. But, the BRA does not authorize detention simply because a defendant may become unavailable. Absent presumptions and other factors not relevant here, the BRA authorizes detention only if and when an individualized analysis leads to the conclusion that there is a serious risk that the defendant will flee and/or not appear *of his own volition*.  *United States v. Suastegui*,

No. 3:18-MJ-00018, 2018 WL 3715765, *2-5 (W.D. Va. Aug. 3, 2018) (noting that"[t]his position finds support in the weight of authority from federal courts across the country").[3] Thus, "the risk a person will be involuntarily removed from the United States before trial, without more, does not authorize the Court to detain that person on grounds that he or she poses a substantial risk of flight that cannot be overcome with conditions crafted to reasonably assure the person's appearance as required." *Id.* at *5. Indeed, it is particularly galling that representatives of the Executive Branch of United States would seek to detain Ms. Esquivel because the United States itself – albeit a different agency than the United States Attorney's Office – might make Ms. Esquivel unavailable for further proceedings.  Here, the United States can and should communicate with itself.

The government suggests that it would not be in the interests of justice for this Court's release order pursuant to the BRA to potentially thwart its desire to prosecute Ms. Esquivel before she is deported. But the interests of the prosecution do not equate

---

[3] *Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015) ("We conclude that the district court erred in relying on the existence of an ICE detainer and the probability of Santos–Flores's immigration detention and removal from the United States to find that no condition or combination of conditions will reasonably assure Santos-Flores's appearance pursuant to 18 U.S.C. §3142(e)."); *United States v. Barrera-Omana*, 638 F.Sup.2d 1108, 1111 (D. Minn. 2009)(concluding that the mere presence of an ICE detainer does not override Congress' detention plan in § 3142(g)); *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 968 E.D. Wis. 2008) ("[I]t would be improper to consider only defendant's immigration status, to the exclusion of the § 3142(g) factors, as the government suggests.").

with the interests of justice. In our society, "detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755. Congress has given the Court limited authority to detain individuals pretrial. The Court has done what the BRA requires, which is to weigh the individual circumstances of Ms. Esquivel's case, and determine that she does not present a risk of danger or flight that cannot be sufficiently ameliorated by conditions of release. Having made that determination, the Court has no authority to detain Ms. Esquivel. For the Court to prolong Ms. Esuivel's detention until an evidentiary hearing on May 1, 2025 on a ground not contemplated by the BRA simply to serve the government's preferences would do injury to the rule of law, which is not in the interests of justice, and accordingly not "where the public interest lies." *Nken*, 556 U.S. at 427.

## <u>CONCLUSION</u>

The government has not even addressed the factors in *Nken v. Holder*, let alone established that the circumstances warrant "an intrusion into the ordinary processes of administration and judicial review," and outweigh the harm to Ms. Esquivel and the public interest in the rule of law that a stay would entail. For these reasons, Ms. Esquivel through undersigned counsel, respectfully requests that the Court reconsider its prior order and deny the Government's motion for a stay.

Respectfully submitted,


PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Devin A. Prater
DEVIN A. PRATER
Assistant Federal Public Defender
Attorney in Charge
District of Columbia Bar No. 1007187
Maryland State Bar No. 1506160254
Southern District of Texas No. 3839448
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002
    Telephone:  713.718.4600
    Fax:      713.718.4610